UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 2:03-CR-98 |
| | ) | |
| GEORGE H. SIMPSON | ) | |

**O R D E R**

This criminal matter is before the Court to consider the Report and Recommendation of the United States Magistrate Judge recommending that the defendant's motion to dismiss his indictment be denied. Defendant's motion to dismiss on double jeopardy grounds was referred to the Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636 and the standing order of this Court. The defendant has filed an objection to this report, and the government has filed a response.

**FINDINGS OF FACT**:

The facts, set forth in the Magistrate Judge's Report and Recommendation, are undisputed, were stipulated to by the parties, and are adopted as the factual findings of this Court:

In 2003, defendant was serving a 481-month federal prison sentence at USP, Terre Haute, Indiana. Inasmuch as defendant had outstanding state charges pending against him, he demanded that he be returned to Sullivan County, Tennessee, to resolve those charges. Defendant was transported to Sullivan County and was confined in the Sullivan County Jail pending his appearance in state court. On October 28, 2003, defendant escaped from the Sullivan County Jail. He subsequently was captured and thereafter returned to USP, Terre Haute. After his return to the prison, defendant was administratively "charged" with escape by prison officials in violation of 28 C.F.R. § 541.13, Code 102 (1993). After a disciplinary hearing held on February 24, 2004, defendant was given sixty days of disciplinary segregation, forty days disallowance of credit for good behavior, and six months loss of visitation privileges.

**CONCLUSIONS OF LAW:**

The defendant, relying on *Hudson v. United States*, 522 U.S. 93, 118 S.Ct. 488, 139 L.Ed.2d 450 (1997), essentially argues that there has been a change in the law of double jeopardy and that the entire scheme of removal of good time credits and confinement in segregation is intended as punishment, a criminal sanction. He argues therefore, that the administrative sanctions he received from the Bureau Of Prisons preclude his subsequent prosecution for escape under the double jeopardy clause of the Fifth Amendment to the United States Constitution.

As pointed out by the Magistrate Judge, the Sixth Circuit Court of

2

Appeals has not addressed a case directly on point; however, post *Hudson*, several other circuit courts have held that prison disciplinary sanctions do not preclude a subsequent criminal prosecution for the same conduct under the double jeopardy clause because Congress intended disciplinary proceedings to be civil, and not criminal, in nature. See *Porter v. Coughlin*, 421 F.3d 141, 148 (2nd Cir.2005); *United States v. Devaughn*, 32 Fed.Appx. 60, 61 (4th Cir. 2002); *United States v. Mayes*, 158 F.3d 1215, 1222 (11th Cir.1998). This Court agrees that the sanctions imposed by the Bureau of Prisons do not bar defendant's prosecution for escape as alleged by this indictment.

Accordingly, after careful consideration of the Report and Recommendation of the United States Magistrate Judge, [Doc. 24], it is hereby **ORDERED** that this Report and Recommendation is **ADOPTED** and **APPROVED** and the defendant's motion to dismiss is **DENIED.** [Doc. 18]

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE